# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. WAGAN,<br><br>        Petitioner,<br><br>  v.<br><br>K. POWERS-MENDOZA,<br><br>        Respondent.<br>_____/ | 1:07-cv-01461 AWI DLB HC<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 14] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On September 12, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

    On October 3, 2008, Petitioner filed timely objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.

    Petitioner clarifies that he is not challenging the BPH's August 2006 unsuitability finding. Since petitioner is not challenging the BPH's finding, the Court will not adopt that portion of the Findings and Recommendation that dealt with the BPH finding.

    Petitioner's objections deal with his contention that his term expired on February 18, 1998. For attempted first degree murder committed in 1988, Petitioner was sentenced in 1989 to life in prison with the possibility of parole. See Cal. Pen. Code § 664(a); Answer Exhibit A; Answer Exhibit C at pp. 6-8. Petitioner's reliance on Penal Code § 1170.2(e) is misplaced since

1 | he did not commit the offense prior to 1977. See Cal. Pen. Code § 1170.2(e). To the extent that
2 | Petitioner contends that a "life sentence" is the equivalent of a seven year determinate sentence
3 | through operation of Penal Code § 3046(a), the contention is not persuasive. That section states
4 | that no life prisoner may be paroled until he has served the greater of seven calendar years in jail
5 | or a term established pursuant to another provision of law. Cal. Pen. Code § 3046(a). It does not
6 | say that parole must be granted after seven years. Finally, Penal Code § 1170(a)(3) states that,
7 | "Nothing in this article shall affect any provision of law that . . . expressly provides for
8 | imprisonment in the state prison for life." In 1988, Penal Code § 664(a) provided life
9 | imprisonment for attempted murder that was willful, deliberate, and premeditated. See Cal. Pen.
10 | Code § 664 Historical Note of 1986 Amendment. The San Mateo Superior Court issued the last
11 | reasoned opinion and found that Petitioner had been sentenced to life, the sentence did not
12 | violate the determinate sentencing laws, and that his sentence has not been administered in
13 | violation of the constitution or statutory laws. See Answer Exhibit D at pp. 1-2. Petitioner has
14 | not shown that the state courts' decision was "contrary to, or involved an unreasonable
15 | application of, clearly established Federal law, as determined by the Supreme Court of the United
16 | States" or "was based on an unreasonable determination of the facts in light of the evidence
17 | presented [to it]." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003);
18 | Williams v. Taylor, 529 U.S. 362, 413 (2000). The objections are not sufficient to decline the
19 | Magistrate Judge's recommendation of denying relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued September 12, 2008, is ADOPTED TO THE EXTENT THAT THEY ARE CONSISTENT WITH THIS ORDER;
2. The Petition for Writ of Habeas Corpus is DENIED; and
3. The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent and to CLOSE this case.

IT IS SO ORDERED.

**Dated:   April 16, 2009**          /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE